UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ANTHONY GREEN, JR.**, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | EP-25-CV-00538-DB-ATB |
| | § | |
| **FRANK BISIGNANO,** *Commissioner of the* | § | |
| *Social Security Administration*, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
REGARDING MOTION TO PROCEED *IN FORMA PAUPERIS***

Presently before the Court is Plaintiff Amalia Green's "Motion to Proceed *In Forma Pauperis*" (ECF No. 1) filed on November 11, 2025. In the underlying complaint attached to the motion, Green appeals, pursuant to 42 U.S.C. § 405(g), from the final decision of Defendant Frank Bisignano, the Commissioner of the Social Security Administration, denying his claims for disability insurance and/or supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and § 1382, *et seq.* Pursuant to 28 U.S.C. § 636 and Senior District Judge David Briones's standing order,[1] the case was referred to the undersigned Magistrate Judge.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing [fees]." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). However, "[t]here is no absolute right to proceed in court without paying a filing fee in civil matters"; rather, "it is a privilege extended to those unable to pay filing fees." *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)

---

[1] *See* a https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Order-Referring-Social-Security-Cases.pdf.

(internal quotes omitted) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). Under § 1915(a)(1), "the commencement or filing of the suit depends solely on whether the [plaintiff] is economically eligible." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). To establish eligibility, the plaintiff must "submit[] an affidavit that includes a statement of all assets [the plaintiff] possesses that the person is unable to pay such fees," 28 U.S.C. § 1915(a)(1)—and Green has submitted such an affidavit, Mot. to Proceed *In Forma Pauperis* at 2–6[2] [hereinafter Mot.], ECF No. 1. Therefore, "[t]he only determination" to be made by the Court "is whether the statements in the affidavit satisfy the requirements of poverty." *Watson*, 525 F.2d at 891.

That determination turns on "whether the [plaintiff] can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Texas Dep't of Crim. Just.*, 70 F.3d 1268, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (unpublished but precedential decision under Fifth Cir. R. App. P. 47.5.3) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)). In addressing that question, courts consider the plaintiff's present assets, periodic income together with his spouse's periodic income, and periodic expenses, as well as whether the expenses are discretionary or mandatory. *Roden v. Texas*, 58 F.3d 636, 1995 WL 371022, at *2 (5th Cir. June 2, 1995) (unpublished but precedential decision under Fifth Cir. R. App. P. 47.5.3); *Fuller v. Kijakazi*, No. EP-22-CV-133-FM-MAT, 2022 WL 20742561, at *1 (W.D. Tex. Apr. 28, 2022).[3] In addition, courts "look to

---

[2] All pin citations to the motion refer to the page numbers imprinted thereon by the Court's Case Management and Electronic Case Filing system.

[3] *See also, e.g.*, *Smith v. Comm'r of Soc. Sec.*, No. 3:23-CV-417-TSL-MTP, 2023 WL 5034152, at *1 n.1 (S.D. Miss. July 6, 2023) ("In considering an [*in forma pauperis*] application, the [c]ourt may consider the total monetary resources available to assist [the plaintiff] and it is appropriate to consider a spouse's income." (internal quotes omitted)); *Pryor v. J.B. Hunt Transp. Servs., Inc.*, No. 3:23-CV-226-MPM-RP, 2023 WL 6057308, at *1 (N.D. Miss. June 22, 2023) ("Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income, including the income of plaintiff and her spouse, expenses, and any other property or assets the individual possesses.").

where the [plaintiff's] reported income is in relation to applicable poverty guidelines" published by the U.S. Department of Health and Human Services. *Faraoni v. Veterans Admin.*, No. WA-24-CV-00040-ADA-JCM, 2024 WL 1301224, at *1 (W.D. Tex. Jan. 22, 2024) (collecting cases).

In the Western District of Texas, the fee for filing any civil action, suit, or proceeding is $405.[4]  Green, who is 37 years old, has a monthly income of $4,200 in VA benefits,[5] and his spouse has a monthly income of $2,200 from employment; so, their combined monthly income is $6,400.  Mot. at 2–3.  On the other hand, their monthly expenses total $6,739—which include $1,892 for home rent; $1,050 for utilities; $2,000 for medical and dental needs; $500 for clothing; $400 for transportation (excluding any car payments); and $275 in other expenses.  *Id.* at 5–6.  Thus, their monthly expenditures exceed their income by $339.  Green has $800 in his bank account.  *Id.* at 3.

Green states that he has a 12-year-old son who relies on him or his spouse for support.  *Id.* at 4.  The applicable poverty guideline for a three-person family or household is $26,650 annually.  *See* U.S. Dep't of Health & Human Servs., *Annual Update of the HHS Poverty Guidelines*, 90 Fed. Reg. 5917, 2025 WL 224799 (Jan. 17, 2025).[6]  Green and his spouse's

---

[4] U.S. Dist. Ct. for W. Dist. of Texas, *Fee Schedule*, https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Nov. 21, 2025).

[5] *See, e.g.*, *Bruton v. Colvin*, No. 4:14-CV-083-A, 2014 WL 840993, at *1 (N.D. Tex. Mar. 4, 2014) (Courts "consider social security payments in making the in-forma-pauperis determination."); *Davis v. Tisdale*, No. 1:25-CV-39-LG-BWR, 2025 WL 1779562, at *3 (S.D. Miss. June 27, 2025) ("VA disability compensation can be considered income when evaluating an [*in forma pauperis*] motion." (citing *Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020))).

[6] *See also* U.S. Dep't of Health & Hum. Servs., Office of Assistant Sec'y for Planning & Evaluation, *HHS Poverty Guidelines for 2025*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Sept. 29, 2025).

combined annual income is $76,800.  *See* Mot. at 3.  As such, their annual income exceeds the poverty level—by a factor of 2.9.

The Court finds that paying the $405 filing fee would not impose an undue financial hardship on Green or deprive him of life's necessities and therefore concludes that his motion should be denied.  *See Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29) (finding that paying filing fees will not cause undue financial hardship where the plaintiff's annual income was $31,000, but the applicable poverty guideline was $13,590—that is, the plaintiff's income exceeded the poverty level by a factor of 2.3—and the plaintiff had "additional resources of $122 in a checking or savings account"), *R & R adopted*, 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

For the foregoing reasons, **IT IS RECOMMENDED** that:

1. Plaintiff Anthony Green, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**;

2. Plaintiff be given **fourteen (14)** days to pay in full the filing fee after the District Judge's order; and

3. Should Plaintiff fail to timely pay the filing fee, this matter be dismissed without prejudice and without further notice.

**So ORDERED and SIGNED this  21st  day of November 2025.**

                                        **ANNE T. BERTON**
                                        **UNITED STATES MAGISTRATE JUDGE**

- 5 -

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**